# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LITES OUT, LLC | § |
| | § Civil Action No. 4:17-CV-00192 |
| v. | § Judge Mazzant |
| | § |
| OUTDOORLINK, INC. ET AL. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants OutdoorLink, Inc. and OutdoorLink Services, Inc.'s ("Outdoor") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #17).[1] After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

On March 21, 2017, Lites Out, LLC ("Lites Out") sued Outdoor for infringement of U.S. Patent No. 7,501,941 ("the '941 Patent"), infringement of U.S. Patent No. 8,497,773 ("the '773 Patent"), and infringement of U.S. Patent No. 8,912,898 ("the '898 Patent") (Dkt. #1). Outdoor answered on May 1, 2017 (Dkt. #10). The Court issued its Order Governing Proceedings and its Scheduling Order (Dkt. #14); *Lites Out, LLC v. OutdoorLink Services, Inc.*, 4:16-cv-00565 at Dkt. #14.[2] The parties served their initial disclosures (Dkt. #9; Dkt. #13). Then, on May 24, 2017, after

---

[1] Though Outdoor's motion to dismiss is for improper venue under 12(c), the Court accepts it as a motion under Rule 12(b)(3). Since Outdoor preserved its improper venue objection, this does not prejudice Lites Out. *See Walker v. Carnival Cruise Lines, Inc.*, No. 87-cv-115, 1987 WL 19554, at *1 n.1 (N.D. Ill. Nov. 5, 1987) ("We treat Carnival's motion as requesting dismissal under Rule 12(b), even though Carnival styled its motion as being for judgment on the pleadings, Rule 12(c). A Rule 12(c) motion is an inappropriate vehicle for preliminary matters such as jurisdiction or venue, being ordinarily used for judgments on the merits of a complaint. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1369, at 698 (1969). There is no prejudice to plaintiff, as defendant properly preserved its objections to jurisdiction and venue.") *See also Yearwood v. Turner Const. Co.*, No. 09-5945, 2011 WL 570003, at *1 (E.D. Pa. Feb. 15, 2011) ("Although Trystate has styled its motion as a Rule 12(c) motion for judgment on the pleadings, or in the alternative a motion for summary judgment, the motion is more properly construed as a motion to dismiss under Rule 12(b)(2), and I will treat it as such.").

[2] This case began as Civil Action No. 4:16-cv-00565. The Court issued the Order Governing Proceedings in this initial civil action. (4:16-cv-00565 at Dkt. #14). The Court issued a Scheduling Order after the case assumed its current civil action number. (4:17-cv-00192 at Dkt. #14).

the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Food Group Brands LLC*, Outdoor filed the present motion to dismiss, arguing that venue is improper in the Eastern District of Texas (Dkt. #17); *See TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017). Lites Out filed its response to Outdoor's Motion to Dismiss on August 11, 2017 (Dkt. #34). Outdoor filed its reply on September 1, 2017 (Dkt. #46). Lites Out filed its sur-reply to Outdoor's Motion to Dismiss on September 7, 2017 (Dkt. #50). Outdoor filed supplemental authority in support of its motion to dismiss on September 25, 2017 (Dkt. #56). Lites Out filed a response to the notice of supplemental authority in support of Outdoor's Motion to Dismiss on September 27, 2017 (Dkt. #59). The Court held a *Markman* hearing on October 4, 2017 (Dkt. #64).

Outdoor provides digital monitoring services for billboards. The company sells surveillance computers—SmartLink units—to billboard owners who hold legal title to the units. SmartLink units track billboard structural integrity and detect defects—e.g. a broken floodlight or power outage—as they arise. The SmartLink units wirelessly report such wear-and-tear to Outdoor, enabling it to oversee and control myriad billboards across large areas. Outdoor's employees physically install SmartLink units. Upon installation, SmartLink usually earns several years of revenue per unit. Thereafter, Outdoor services, maintains, and repairs SmartLink units through independent contractors. All told, Outdoor monitors about two thousand billboards through nearly one thousand SmartLink units in The Eastern District of Texas ("District"). Outdoor does not have a retail store, warehouse, or other physical facility in the District. Outdoor keeps neither inventory nor property in the District. Rather, Outdoor ships SmartLink units to its customers within the District and supplies to its employees and independent contractors for installation and repair work. One independent contractor, Todd Grace ("Mr. Grace"), resides in Texas outside of this District.

## LEGAL STANDARD

If venue is not proper in the district or division where the case is filed, the case may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Alternatively, under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

However, Federal Rule of Civil Procedure 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982). Under Federal Rule of Civil Procedure 12(h)(1), "[a] party waives any defense listed in rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Accordingly, a party must assert any Rule 12(b)(3) motion that is available at the time it files any Rule 12 motion. *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) (citing *e.g.*, *Peacock v. Ins. & Bonds Agency of Tex., PLLC*, No. 3:12-cv-1710-D, 2012 WL 3702920, at *1 (N.D. Tex. Aug. 28, 2012)).s

## ANALYSIS

Outdoor moves for dismissal based on improper venue. Lites Out contends that venue is proper as Outdoor waived this objection and the facts permit venue in this District. The Court must determine whether Outdoor waived its venue defense. Lites Out contends that Outdoor

waived its improper venue defense in several ways: (1) by filing an answer before its motion to dismiss; (2) by failing to timely file its venue challenge per the Court's Order Governing Proceedings; (3) by not making a specific venue objection in its answer; and (4) by waiving its venue objection through conduct. The Court will address each argument in turn.

First, Lites Out argues Outdoor's motion was late under the plain terms of Rule 12 because Outdoor filed its motion after its answer. The Court disagrees. Even though Federal Rule of Civil Procedure 12 requires defendants to file motions contained in that rule before filing an answer, courts often consider a motion to dismiss under Rule 12(b) timely as long as the defense is properly preserved in the party's answer. *Brokerwood Intern. (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379–81 (5th Cir. 2004); *Isbell v. DM Records, Inc.*, No. 4:07-cv-00146, 2011 WL 1299611, at *2 n.2 (E.D. Tex. Mar. 31, 2011) ("courts often 'consider a post-answer motion to dismiss as properly before the court as long as the movant also raised the defense . . . in his or her answer.'" (quoting *Delhomme v. Caremark RX Inc.*, 232 F.R.D. 573, 575–76 (N.D. Tex. 2005))); *Cloeren Inc. v. Extrusion Dies Indus., LLC*, No. 1:12-CV-90, 2012 WL 12897045, at *2 (E.D. Tex. Aug. 14, 2012) ("Although a post-answer Rule 12(b)(6) motion is technically untimely under the Rules, if a defense has previously been included in the answer, a court will generally allow a Rule 12(b)(6) motion." (citing *Jones v. Lopez*, 262 F. Supp. 2d 701, 706 (W.D. Tex. 2001); *Puckett v. U.S.*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999))). Accordingly, as long as Outdoor otherwise preserved its improper venue defense, its failure to file a motion before it filed its answer did not constitute waiver.

Second, Lites Out argues that Outdoor did not preserve its improper venue defense because Outdoor's response in its answer was not specific and did not object to venue as improper under § 1400(b) (Dkt. #10) (citing *Elbit Sys. Land & C4I Ltd.*, No. 2:15-cv-37, 2017 WL 2651618, at

*20–21). This argument is unpersuasive. In its Complaint, Lites Out asserted that "[v]enue is proper in this District under 28 U.S.C. §§ 1391 and 1400." (Dkt. #1 at p. 3). Outdoor answered Lites Out's Complaint on May 1, 2017 (Dkt. #10). In its answer, Outdoor stated, "OutdoorLink denies that venue is proper in the Eastern District of Texas. OutdoorLink denies that it has performed any infringing activities." (Dkt. #10 at p. 3). Outdoor elaborated that it "is not incorporated in the Eastern District of Texas, nor does it have a principal place of business in the district as required by 28 U.S.C. § 1400(b)." (Dkt. #10 at p. 8). In other words, Outdoor generally denied the allegations set forth by Lites Out in its venue section.

"While it is true that [Outdoor] could have set forth a more specific objection to venue as improper under § 1400(b) in its Answer, [Outdoor] preserved a general objection to venue." *Blue Spike, LLC v. Contixo Inc.*, No. 6:16-cv-1220-JDL, 2017 WL 3172425, at *3 (E.D. Tex. July 26, 2017) (citing *JPW Indus., Inc. v. Olympia Tools Int'l, Inc.*, No. 16-cv-3153-JPM-bdh, slip. op., Dkt. #56, at *3–4 (M.D. Tenn. July 19, 2017) (finding that the defendant sufficiently preserved its improper venue defense even though it did not list improper venue as an affirmative defense in its first responsive pleading); *ISA Chicago Wholesale, Inc. v. Swisher Int'l, Inc.*, No. 08 C 3461, 2009 WL 971432, at *2–3 (N.D. Ill. Apr. 7, 2009) (determining that a general denial that venue was proper in combination with the defendant's timely filing of a Rule 12(b)(3) motion was sufficient to preserve its improper venue defense); *Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc.*, No. 00CIV0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (concluding that the denial of a plaintiff's allegation of personal jurisdiction in a defendant's answer is sufficient to preserve a personal jurisdiction defense)). *But cf. Elbit Sys.*, 2017 WL 2651618, at *20–21 (holding that a defendant waived its objection to improper venue under § 1400(b) because it admitted the applicability of § 1391(c) to patent infringement actions and omitted a specific

objection to venue under § 1400(b) from its first three motions to dismiss for improper venue). Because Outdoor preserved its objection to improper venue, the defense is not waived provided Outdoor timely brought its Rule 12(b) motion to dismiss for improper venue.

Third, Lites Out argues that Outdoor's motion was filed late according to the Order Governing Proceedings. Lites Out maintains that the deadline to file a motion to transfer was no later than January 19, 2017—*i.e.* twenty-one days before the Case Management Conference on February 9, 2017 (Dkt. #34 at p. 6). But Outdoor did not file its motion until May 24, 2017—over four months after the January 19, 2017 deadline (Dkt. #34 at p. 6). However, because Outdoor properly preserved its objection to improper venue and filed a motion to dismiss based on improper venue, the appropriate inquiry to determine timeliness is whether the parties engaged in extensive litigation prior to the motion being filed. *See Blue Spike*, No. 6:16-cv-1220-JDL, 2017 WL 3172425, at *3. Here, the parties filed a Joint Report of Rule 26(f) Conference (Dkt #6), filed a Joint Motion to Amend the Scheduling Order, engaged in ongoing discovery, and Lites Out served its infringement contentions on Outdoor. Beyond these preliminary matters, "the Court and the parties have not engaged in extensive litigation conduct." *Id.* "Thus, because [Outdoor] denied venue in its answer and timely filed its first Rule 12(b) motion for improper venue before the parties had begun to significantly litigate the case, [Outdoor] adequately preserved its improper venue defense." *Id.* (citing *JPW Indus.*, No. 16-cv-3153-JPM-bdh, slip. op., Dkt. #56, at *3–4; *Phat Fashions*, 2009 WL 971432, at *2–3; *Phat Game Athletic Apparel, Inc.*, 2001 WL 1041990, at *3).

Finally, Outdoor did not waive its venue defense by conduct. Continuous conduct without any objection to venue waives a claim for improper venue. *See Tinus Enter., LLC et al. v.*

6

*Telebrands Corp.*, No. 6:16-cv-00033-RWS-JDL, at *3 (E.D. Tex. Oct. 17, 2017).[3] In *Tinus*, the Court ruled that a party waived any venue objection by repeatedly admitting venue was proper while also asserting affirmative counterclaims. *See Tinus Enter., LLC et al.*, No. 6:16-cv-00033-RWS-JDL, at *4. But Outdoor did not act like *Tinus*'s defendant. Outdoor did not delay, deny, or defer its objection for improper venue. Outdoor first disputed venue when it answered Lites Out's Complaint on May 1, 2017 (Dkt. #10 at pp. 3, 8). Twenty-three days later, Outdoor moved to dismiss for improper venue (Dkt. #17). Outdoor maintained its improper venue claim in the coming months, filing the Defendants' Reply in Support of Motion to Dismiss for Improper Venue on September 1, 2017 (Dkt. #46). Outdoor clearly and consistently questioned venue before taking part in the claim construction hearing on October 4, 2017. Since Outdoor did not waive its venue objection by conduct, the Court can decide whether venue lies in this District.

Since Outdoor did not waive its venue objection, the Court asks whether venue lies in this District. Lites Out claims that Outdoor controls nearly one thousand SmartLink units and two thousand billboards in this District. Lites Out further alleges that Outdoor often uses wireless communication to control light, voltage, outage notifications, and power restoration through its SmartLink units. Lites Out avers that Outdoor tallies its customers' communications and surcharges them for exceeding data restrictions on billboard-monitoring services in this District. Thus, Lites Out alleges that Outdoor maintains a commercial presence in this District sufficient for patent venue.

Patent venue, however, does not lie in this District for Outdoor. Patent venue exists either where a company resides—*i.e.* its state of incorporation—or where it has a regular and established

---

[3] *See also Infogation Corp. v. HTC Corp.*, No. 16-cv-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017) (finding defendants waived any venue challenge by participating in litigation for about a year, serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction).

place of business and infringes on a patent. *See* 28 U.S.C. § 1400 (b); *see also TC Heartland LLC*, 137 S. Ct. at 1517. A regular and established place of business must include a physical location where a company maintains a regular business presence. *See In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). A physical place of business does not refer to a "virtual space or to electronic communications from one person to another." *Id.*

Outdoor is incorporated in Alabama, so it does not reside in this District, precluding venue on that basis. Outdoor's physical offices are located in Alabama. Outdoor has no facilities or property in this District. Outdoor services its SmartLink units in this District with employees and independent contractors but these personnel do not reside in this District. One independent contractor, Mr. Grace, lives in Texas, but in another district, and spends most of the year outside of the state. Indeed, Outdoor virtually monitors and controls many billboards in this District through SmartLink units. Such activity, however, falls within the virtual spaces and electronic communications from one person to another that cannot be "a physical place" of business for patent venue purposes. *See In re Cray Inc.*, 871 F.3d at 1362. In turn, Outdoor lacks the physical presence needed for patent venue in this District on the basis of keeping a regular and established place of business. Thus, patent venue does not lie in this District.

## CONCLUSION

It is therefore **ORDERED** that Defendant OutdoorLink, Inc. and OutdoorLink Services, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. #17) should be **GRANTED**. However, in the interest of justice, the Court hereby transfers the case to the Northern District of Alabama, Huntsville Division.

**SIGNED** this 2nd day of November, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE